DANIEL G. BOGDEN
United States Attorney
KIMBERLY M. FRAYN
ANDREW W. DUNCAN
Assistant United States Attorneys
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-5087

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:12-CR-00083-KJD-GWF |
| ) | |
| Plaintiff, ) | |
| ) | **STIPULATION FOR PROTECTIVE ORDER** |
| vs. ) | |
| ) | |
| OMAR BUTT *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

IT IS HEREBY STIPULATED AND AGREED between the parties, DANIEL G. BOGDEN, United States Attorney for the District of Nevada, and Kimberly M. Frayn and Andrew W. Duncan, Assistant United States Attorneys, counsel for the United States, and Michael W. Sanft, Esq., Counsel for Omar Butt;  Daniel J. Albregts, Esq., Local Counsel for Billy Steffey; Mark Reichel, Esq., Counsel for Billy Steffey;  James Hartsell, Esq., Counsel for Derek Carder; and Karen A. Connolly, Esq., Counsel for Herbert Morrell**,** that this Court issue an Order protecting from disclosure to the public any discovery materials or documents containing the personal identifying information and financial identifying information such as, names,  social security numbers, drivers license numbers, dates of birth, addresses, mothers' maiden names, passwords, debit card and credit card account numbers, financial lines of credit account numbers,

bank account numbers, and Personal Identification Numbers (PINs), of participants, witnesses and victims in this case. Such materials and documents shall be referred to hereinafter as "Protected Materials." The parties state as follows:

1. Protected Materials which may be used by the government in its case in chief include personal and financial identifiers, including names, social security numbers, drivers license numbers, dates of birth, addresses, mothers' maiden names, passwords, debit card and credit card account numbers, financial lines of credit account numbers, bank account numbers, and Personal Identification Numbers (PINs), of participants, witnesses, and victims in this case.

2. Discovery in this case is voluminous and many of these materials and documents include personal and financial identifiers. Redacting the personal and financial identifiers of participants, witnesses, and victims would prevent the timely disclosure of discovery to the defendants.

3. The United States agrees to provide Protected Materials without redacting the personal and financial identifiers of participants, witnesses, and victims

4. Access to Protected Materials will be restricted to persona authorized by the Court, namely defendants, attorneys of record and attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing on behalf of defendants.

5. The following restrictions will be placed on the defendants, defendants' attorneys and the above-designated individuals unless and until further ordered by the Court. Defendants, defendants' attorneys and the above-designated individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of Protected Materials;

    b. allow any other person to read Protected Materials; and

    c. use Protected Materials for any other purpose other than preparing to defend against the charges in the Indictment or any further superseding indictment arising out of this case.

6. Defendant's attorney shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

7. The requested restrictions shall not restrict the use or introduction as evidence of discovery materials and documents containing personal identifying information such as social security numbers, drivers license numbers, dates of birth, and addresses during the trial of this matter.

8. Upon conclusion of this action, defendant's attorney shall return to government counsel or destroy and certify to government counsel the destruction of all discovery materials and documents containing personal identifying information and financial identifying information such as, names, social security numbers, drivers license numbers, dates of birth, addresses, mothers' maiden names, passwords, debit card and credit card account numbers, financial lines of credit account numbers, bank account numbers, and Personal Identification Numbers (PINs) social security numbers, drivers license numbers, dates of birth, and addresses within a reasonable time, not to exceed thirty days after the last appeal is final.

DANIEL G. BOGDEN
United States Attorney

/s/ Kimberly M. Frayn                           04/19/12
KIMBERLY M. FRAYN                               DATE
ANDREW W. DUNCAN
Assistant United States Attorneys

/s/ Michael W. Sanft, Esq.                      04/20/12
Michael W. Sanft, Esq.,                         DATE
Counsel for Omar Butt

/s/ Mark Reichel, Esq., and
/s/ Daniel J. Albregts, Esq.                    04/19/12
Mark Reichel, Esq.,,                            DATE
Counsel for Billy Steffey
Daniel J. Albregts, Esq.
Local Counsel for Billy Steffey

| | | |
|---|---|---|
| /s/ James Hartsell, Esq. | | 04/19/12 |
| James Hartsell, Esq., | | DATE |
| Counsel for Derek Carder | | |
| | | |
| /s/ Karen A. Connolly, Eswq. | | 04/19/12 |
| Karen A. Connolly, Esq., | | DATE |
| Counsel for Herbert Morrell | | |

**ORDER**

IT IS SO ORDERED this _____ day of April 2012.

_____
UNITED STATES MAGISTRATE JUDGE