DANIEL G. BOGDEN
United States Attorney
KIMBERLY M. FRAYN
ANDREW W. DUNCAN
Assistant United States Attorneys
333 Las Vegas Blvd., South, Ste 5000
Fifth Floor
Las Vegas, Nevada 89101
(702) 388-6336

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | 2:12-CR-00083-KJD-GWF |
|---|---|
| Plaintiff, | |
| vs. | **PROPOSED COMPLEX CASE SCHEDULE PURSUANT TO LCR 16-1(a)** |
| OMAR BUTT, *et al.* | |
| Defendants. | |

    Pursuant to Local Rule 16-1(a)(1) and (2), counsel for the United States, Daniel G. Bogden United States Attorney, and Assistant United States Attorneys, Kimberly M. Frayn and Andrew W. Duncan; and Michael W. Sanft, Esq., Counsel for Omar Butt; Daniel J. Albregts, Esq., Local Counsel for Billy Steffey; Mark Reichel, Esq., Counsel for Billy Steffey; James Hartsell, Esq., Counsel for Derek Carder; and Karen A. Connolly, Esq., Counsel for Herbert Morrell, respectfully submit this proposed Complex Case Schedule, requesting that this Court set a trial date and enter an Order "fixing the schedule for discovery and pretrial motions."( LCR 16-1(a)(1)–(a)(4)).

    1.    The Indictment in this case was returned by a federal Grand Jury seated in Las Vegas, Nevada, on March 13, 2012. (Doc. No. 1).

    2.    Defendants Omar Butt, Billy Steffey, Derek Carder; and Herbert Morrell have all

been arraigned and entered pleas of Not Guilty in this District. The Court set a trial date of May 21, 2012, and joined the defendants for trial. This Court should find, however, that under the law and circumstances of this case, this case is complex and an appropriate complex case schedule is warranted.

3. The case presents complex and novel issues of fact and law in that the Indictment charges the defendants with confederating and conspiring with members and associates of a highly sophisticated international cybercrime racketeering enterprise, known as the Carder.su organization, which engages in large scale trafficking of compromised credit card account data and counterfeit instruments, such as counterfeit identification documents and counterfeit credit cards, as well as money laundering and various types of computer crimes, including intrusion and hacking.(Doc. No.1). As of March 7, 2012, the Carder.su organization boasted a membership of seven thousand eight hundred and eighty (7,880).

4. Given vastness of the Carder.su organization, the pattern of prolific criminal activity allegedly committed by its international membership in furtherance of the enterprise, and the fact that the organization has been operational since on or about November 22, 2005, the government estimates that the victims in this case, along with the companion cases 2:12-CR-00084-JCM-GWF and 2:12-CR-00004-JCM-GWF, number in the millions. The government also estimates that the financial harm allegedly engendered by this organization easily exceeds 20 million dollars, and may even exceed 500 million dollars. The government's investigation into the full scope of the financial harm caused by the organization remains ongoing.

5. Discovery materials in this matter are voluminous and will be tracked, in part, by metadata, not solely by bates numbers. Counsel for the defendants will each be provided with computer hard drives containing the bulk of the discovery materials. Counsel for the defendants will need appropriate time to review the voluminous amount of discovery materials, conduct any necessary follow up investigation, as well as, research, prepare, and file any pretrial motions practice that counsel deems necessary.

**PROPOSED COMPLEX CASE SCHEDULE**

6. On or by May 4, 2012, the government will provide discovery in this case that

1  involves production of evidence under Fed. R. Crim. P. 16; that is, a computer hard drive containing
2  the bulk of the discovery materials. The government will not produce the statements of any witness
3  or concomitant impeachment evidence (Giglio) obtained by the government in the course of the
4  federal investigation. On or by June 8, 2012, the government will provide electronic images and
5  forensic exam reports for any electronic devices seized from the defendants, both during the March
6  2012 nationwide arrest sweep, and any images obtained from the defendants during the course of the
7  investigation, which have not been previously produced on the hard drive. On or by July 9, 2012,
8  the government shall make available for defense counsel's review the physical evidence seized
9  during the March 2012 nationwide arrest sweep, and any other physical evidence obtained from the
10 defendants during the course of the investigation. The physical evidence seized during the March
11 2012 arrest sweep is presently in transit from the federal districts in which it was seized to the
12 District of Nevada, and will ultimately be maintained in the United States Secret Service's evidence
13 vault in Las Vegas, Nevada.

14　　7.　　Considering the schedule, below, the parties request a trial date no earlier than
15 February 25, 2013.

## PROPOSED COMPLEX CASE SCHEDULE

17　　Accordingly, the parties further agree as follows:
18　　8.　　The government will begin production of Rule 16 discovery on or by May 4, 2012.
19 The government shall continue to meet its obligation to disclose and provide the following:
20　　I.　　The Initial Discovery Phase.
21　　　　a.　　all statements, documents, and objects, including audio and video recordings,
22　　　　　　required to be disclosed under Federal Criminal Rules of Procedure
23　　　　　　16(a)(1)(A)-(F).
24　　　　b.　　all search warrants, orders authorizing the interception of wire, oral or
25　　　　　　electronic communications, and supporting affidavits, that relate to evidence
26　　　　　　that may be offered at trial.
27　　　　c.　　all officers reports, forensic evidence reports and any information required
28　　　　　　under Kyles v. Whitely, 514 U.S. 419 (1995), with the exception of witness

3

statements as defined at 18 U.S.C. § 3500 and any impeachment information relative to that witness.

II. The Second Discovery Phase

The parties propose that NO LATER THAN 30 DAYS BEFORE TRIAL:

    a. Defendants will comply with their obligation to provide reciprocal discovery and provide all documents, objects and reports of examination required under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).

III. The Third Discovery Phase

The parties propose that NO LATER THAN 14 DAYS BEFORE TRIAL:

    a. the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

    b. the parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial.

    c. the government will provide any evidence of similar acts, as provided by Fed. R. Crim. P. 404(b), that it intends on introducing at trial.

    d. the government will provide to defendant the statements of each witness that the government intends on calling in its case-in-chief, including any impeachment (Giglio) information, unless the government files a motion for a protective order.

9. The Discovery Motions Schedule To Resolve Any Discovery Disputes.

The parties acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court.

10. The defendants jointly request, and the government does not oppose, that the trial date and the date for pretrial motions be vacated in order to provide them more time to review discovery and prepare for trial as follows:

    a. that the date for pretrial motions should be set for October 15, 2012;

  b. that the date for responses to pretrial motions should be set for November 12, 2012;

  c. that the date for replies to pretrial motion responses should be set for December 3, 2012;

  d. that the date for trial should be continued for approximately nine months from the initial May 21, 2012 trial setting. Trial should be set on or after February 25, 2013, and the date for calendar call should be set prior to the trial setting, each at times convenient to the court;

  e. that all time from the date of the arraignment and plea until such time as the Court shall rule otherwise should be excluded for the purposes of speedy trial under Title 18, United States Code, Sections 3161(h)(7)(A) and (h)(7)(B)(I) and (ii).

11. <u>Supplemental Motions.</u>

The parties agree that any supplemental motion can be filed upon a showing of good cause as determined by the Court. These motions shall be based on issued unforseen to the parties at the time this agreement was filed.

WHEREFORE, the government respectfully request that the Court grant this Motion and

///

///

///

5

enter an Order: adopting the proposed complex case schedule. A proposed Order is attached for the convenience of the Court.

Dated this the 19th day of April 2012.

DANIEL G. BOGDEN
United States Attorney

/s/ Kimberly M. Frayn                                       4/19/12
KIMBERLY M. FRAYN                                           DATE
ANDREW W. DUNCAN
Assistant United States Attorneys

Michael Sanft w/ permission by Kimberly Frayn               4/20/12
Michael W. Sanft, Esq.,                                     DATE
Counsel for Omar Butt

/s/                                                         4/19/12
Mark Reichel, Esq.,                                         DATE
Counsel for Billy Steffey
Daniel J. Albregts, Esq.
Local Counsel for Billy Steffey

/s/                                                         4-19-12
James Hartsell, Esq.,                                       DATE
Counsel for Derek Carder

/s/                                                         4-19-12
Karen A. Connolly, Esq.,                                    DATE
Counsel for Herbert Morrell

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OMAR BUTT, *et al.*<br><br>Defendants. | 12-CR-00083-KJD-GWF<br><br>**ORDER FOR COMPLEX CASE**<br>**SCHEDULE PURSUANT**<br>**TO LCR 16-1(a)** |

1. The Indictment in this case was returned by a federal Grand Jury seated in Las Vegas, Nevada, on January 10, 2012. (Doc. No. 1).

2. Defendants Omar Butt, Billy Steffey, Derek Carder; and Herbert Morrell, have all been arraigned and entered pleas of Not Guilty in this District. The Court set a trial date of May 21, 2012, and joined the defendants for trial. This Court should find, however, that under the law and circumstances of this case, this case is complex and an appropriate complex case schedule is warranted.

3. The case presents complex and novel issues of fact and law in that the Indictment charges the defendants with confederating and conspiring with members and associates of a highly sophisticated international cybercrime racketeering enterprise, known as the Carder.su organization, which engages in large scale trafficking of compromised credit card account data and counterfeit instruments, such as counterfeit identification documents and counterfeit credit cards, as well as money laundering and various types of computer crimes, including intrusion and hacking.(Doc. No. 1). As of March 7, 2012, the Carder.su organization boasted a membership of seven thousand eight hundred and eighty (7,880).

4. Given vastness of the Carder.su organization, the pattern of prolific criminal activity allegedly committed by its international membership in furtherance of the enterprise, and the fact that the organization has been operational since on or about November 22, 2005, the government

estimates that the victims in this case, along with the companion cases 2:12-CR-00084-JCM-GWF and 2:12-CR-00004-JCM-GWF, number in the millions. The government also estimates that the financial harm allegedly engendered by this organization easily exceeds 20 million dollars, and may even exceed 500 million dollars. The government's investigation into the full scope of the financial harm caused by the organization remains ongoing.

5. Discovery materials in this matter are voluminous and will be tracked, in part, by metadata, not solely by bates numbers. Counsel for the defendants will each be provided with computer hard drives containing the bulk of the discovery materials. Counsel for the defendants will need appropriate time to review the voluminous amount of discovery materials, conduct any necessary follow up investigation, as well as, research, prepare, and file any pretrial motions practice that counsel deems necessary.

6. On or by May 4, 2012, the government will provide discovery in this case that involves production of evidence under Fed. R. Crim. P. 16; that is, a computer hard drive containing the bulk of the discovery materials. The government will not produce the statements of any witness or concomitant impeachment evidence (Giglio) obtained by the government in the course of the federal investigation. On or by June 8, 2012, the government will provide electronic images and forensic exam reports for any electronic devices seized from the defendants, both during the March 2012 nationwide arrest sweep, and any images obtained from the defendants during the course of the investigation, which have not been previously produced on the hard drive. On or by July 9, 2012, the government shall make available for defense counsel's review the physical evidence seized during the March 2012 nationwide arrest sweep, and any other physical evidence obtained from the defendants during the course of the investigation. The physical evidence seized during the March 2012 arrest sweep is presently in transit from the federal districts in which it was seized to the District of Nevada, and will ultimately be maintained in the United States Secret Service's evidence vault in Las Vegas, Nevada.

7.   The parties have requested a trial date no earlier than February 25, 2013.

Based on the above facts and foregoing motion, IT IS THEREFORE ORDERED:

The Trial Date and Calendar Call:

Trial is set on February 25, 2013 at 9:00 a.m. Calendar call in set on February 19, 2013 at 9:00 a.m. in Courtroom 6D.

IT IS FURTHER ORDERED:

The government will begin production of Rule 16 discovery on or by May 4, 2012. The government shall continue to meet its obligation to disclose and provide the following:

I.   The Initial Discovery Phase.

  a.   all statements, documents, and objects, including audio and video recordings, required to be disclosed under Federal Criminal Rules of Procedure 16(a)(1)(A)-(F).

  b.   all search warrants, orders authorizing the interception of wire, oral or electronic communications, and supporting affidavits, that relate to evidence that may be offered at trial.

  c.   all officers reports, forensic evidence reports and any information required under Kyles v. Whitely, 514 U.S. 419 (1995), with the exception of witness statements as defined at 18 U.S.C. § 3500 and any impeachment information relative to that witness.

II.   The Second Discovery Phase

The parties propose that NO LATER THAN 30 DAYS BEFORE TRIAL:

  a.   Defendants will comply with their obligation to provide reciprocal discovery and provide all documents, objects and reports of examination required under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).

III.   The Third Discovery Phase

The parties propose that NO LATER THAN 14 DAYS BEFORE TRIAL:

  a.   the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

9

  b. the parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial.

  c. the government will provide any evidence of similar acts, as provided by Fed. R. Crim. P. 404(b), that it intends on introducing at trial.

  d. the government will provide to defendant the statements of each witness that the government intends on calling in its case-in-chief, including any impeachment (Giglio) information, unless the government files a motion for a protective order.

The Discovery Motions Schedule To Resolve Any Discovery Disputes.

The parties acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court.

IT IS FURTHER ORDERED:

  a. that the date for pretrial motions should be set for October 15, 2012;

  b. that the date for responses to pretrial motions should be set for November 12, 2012;

  c. that the date for replies to pretrial motion responses should be set for December 3, 2012;

  d. that the date for trial should be continued for approximately nine months from the initial May 21, 2012 trial setting. Trial should be set on or after February 25, 2013, and the date for calendar call should be set prior to the trial setting, each at times convenient to the court;

  e. that all time from the date of the arraignment and plea until such time as the Court shall rule otherwise should be excluded for the purposes of speedy trial under Title 18, United States Code, Sections 3161(h)(7)(A) and (h)(7)(B)(i) and (ii).

1  IT IS FURTHER ORDERED:

2  <u>Supplemental Motions.</u>

3  Any supplemental motion can be filed upon a showing of good cause as determined by the
4  Court. These motions shall be based on issued unforseen to the parties at the time this agreement
5  was filed.

7  Dated this the 24 day of April 2012.

   _____
   GEORGE FOLEY, JR.
   United States Magistrate Judge