

FILED

APR 1 0 2014

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2  KIMBERLY M. FRAYN
   ANDREW W. DUNCAN
3  Assistant United States Attorneys
   JONATHAN A. OPHARDT
4  Trial Attorney
   United States Department of Justice
5  Organized Crime and Gang Section
   Lloyd D. George Federal Courthouse
6  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, NV 89101
7  (702) 388-6336
   Attorneys for the United States
8

9              **UNITED STATES DISTRICT COURT**

10                  **DISTRICT OF NEVADA**

11  UNITED STATES OF AMERICA,        )
                                     )
12          Plaintiff,               )
                                     )
13      v.                           )  2:12-CR-0083-APG-(GWF)
                                     )
14  **DEREK CARDER,**                )  **PLEA AGREEMENT UNDER**
                                     )  **FED. R. CRIM. P. 11 (c)(1)(A) and (B)**
15          Defendant.               )

16

17          Plaintiff United States of America, by and through DANIEL G. BOGDEN, United

18  States Attorney, Kimberly M. Frayn and Andrew W. Duncan, Assistant United States Attorneys, and

19  Jonathan A. Ophardt, Trial Attorney for the United States Department of Justice, Organized Crime

20  and Gang Section, the defendant **DEREK CARDER**, and the defendant's attorney, JAMES

21  HARTSELL, ESQ., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

22  **I.       SCOPE OF AGREEMENT**

23          The parties to this Plea Agreement are the United States of America and **DEREK**

24  **CARDER,** (the defendant).   This Plea Agreement binds the defendant and the United States

25  Attorney's Office for the District of Nevada.  It does not bind any other prosecuting, administrative,

26  or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution, and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

**II.       DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS**

A.      Guilty Plea.   The defendant knowingly and voluntarily waives venue and agrees to proceed to answer for Aggravated Identity Theft charges in the State and Federal District of Nevada.  The defendant also knowingly and voluntarily agrees to waive his right to a Superseding Indictment and instead, agrees to plead guilty to the following charge to be set forth in a Criminal Information to be filed with the Court at his change of plea:

Count Two: Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.

The defendant also agrees to the forfeiture of the property set forth in the Criminal Information and in Section X of this agreement, including but not limited to, a criminal forfeiture money judgment of $50,893,166.35.

B.      Waiver of Trial Rights.  The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States.  Specifically, the defendant is giving up:

1.      The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.      The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.      The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.      The right to testify in his own defense at such a trial if he so chooses;

1     5.  The right to compel witnesses to appear at such a trial and testify in the

2 defendant's behalf; and

3     6.  The right to have the assistance of an attorney at all stages of such

4 proceedings.

5    C.  <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw his guilty

6 plea after he has entered it in court.

7    D.  <u>Additional Charges</u>.  The United States agrees not to bring any additional

8 charges against the defendant arising out of the investigation in the District of Nevada which

9 culminated in this Plea Agreement and based on conduct known to the United States, except that the

10 United States reserves the right to prosecute the defendant for any crime of violence as defined by 18

11 U.S.C. § 16.

12    The United States will move to dismiss any additional charges pending against the

13 defendant in this case at the time of sentencing.

14 **III.**    **ELEMENTS OF THE OFFENSES**

15    <u>Count Two</u>: The elements of Aggravated Identity Theft under 18 U.S.C. § 1028A are:

16    1.  That defendant **CARDER** knowingly transferred, possessed, or used without

17 legal authority a means of identification of another person, that is, a credit account number, which is

18 an access device as defined in 18 U.S.C. § 1029(e)(1).

19    2.  That defendant **CARDER** knew that the means of identification belonged to a

20 real person; and

21    3.  That defendant **CARDER** did so during and in relation to Trafficking In,

22 Production, and Use of Counterfeit Access Devices, a violation of Title 18, United States Code,

23 Section 1029(a)(1).

24 *See* Ninth Cir. Manual of Model Jury Instr., Criminal 8.83 (2010 ed.) (MODIFIED).

25    The elements of Trafficking In, Production, and Use of Counterfeit Access Devices, a

26 violation of Title 18, United States Code, Section 1029(a)(1) are:

1           1)     Defendant **CARDER** knowingly used, produced, or trafficked in a counterfeit

2    access device;

3           2)     Defendant **CARDER** acted with intent to defraud; and

4           3)     Defendant **CARDER**'s conduct in some way affected commerce between one

5    state and another state, or between a state of the United States and a foreign country.

6    *See* Ninth Cir. Manual of Model Jury Instr., Criminal 8.84 (2010 ed.) (MODIFIED).

7          The elements of Aiding and Abetting, in violation of 18 U.S.C. § 1028A and18

8    U.S.C. § 2 are:

9           a)     The crime of Aggravated Identity Theft was committed by someone,

10   that is, Billy Steffey;

11          b)     Defendant **CARDER** knowingly and intentionally aided, counseled,

12   commanded, induced and procured Billy Steffey to commit each element of Aggravated Identity

13   Theft; and

14          c)     Defendant **CARDER** acted before the crime of Aggravated Identity

15   Theft was completed.

16   *See* Ninth Cir. Manual of Model Jury Instr., Criminal 5.1 (2010 ed.) (MODIFIED).

17

18   **IV.**         **FACTS SUPPORTING GUILTY PLEA**

19         A.     The defendant will plead guilty because he is, in fact and under the law, guilty

20   of the crimes charged.

21         B.     The defendant acknowledges that if he elected to go to trial instead of

22   pleading guilty, the United States could prove his guilt beyond a reasonable doubt and could

23   establish by a preponderance of the evidence its right to forfeit the specified property and obtain the

24   criminal forfeiture money judgment.  The defendant further acknowledges that his admissions and

25   declarations of fact set forth below satisfy every element of the charged offenses.

26

1      C.    The defendant waives any potential future claim that the facts he admitted in

2  this Plea Agreement were insufficient to satisfy the elements of the charged offense.

3      D.    The defendant admits and declares under penalty of perjury that the facts set

4  forth below are true and correct:

5          1.    On or about February 18, 2010, in Nevada, California, New York, and

6  elsewhere, defendant **CARDER**, aiding and abetting co-conspirator Carder.su members Billy

7  Steffey, Omar Butt, and others, knowingly possessed and used without legal authority a means of

8  identification of another person, that is, Visa account, number ending in X-1288 belonging to V.R.

9  **CARDER**, aiding and abetting co-conspirators Billy Steffey, Omar Butt, and others, knew the

10 means of identification belonged to another person, and knowingly and intentionally used the means

11 of identification during and in relation to Trafficking In, Production, and Use of Counterfeit Access

12 Devices, a violation of Title 18, United States Code, Section 1029(a)(1), as follows:

13          a.    On January 5, 2010, co-conspirator Steffey, aided and abetted

14 by defendant **CARDER,** purchased a counterfeit Nevada driver's license, bearing the name Andrew

15 M. Robins and the photograph of defendant **CARDER,** from a Carder.su vendor for three hundred

16 dollars ($300).    On January 6, 2010, the Carder.su vendor who manufactured the counterfeit

17 identification, shipped it to defendant **CARDER's** home address on Allenwood Circle, Lincoln,

18 California, to the attention of "DMC."

19          b.    On February 18, 2010, defendant **CARDER**, aiding and

20 abetting co-conspirator Steffey, did knowingly and with the intent to defraud, transfer and cause others

21 to transfer to co-conspirator Butt a means of identification of another person, that is, Visa credit card

22 account number ending in X-1288 belonging to V.R., which is an access device as defined in Title 18

23 United States Code, Section 1029(e)(1).

24          c.    Defendant **CARDER**, aiding and abetting co-conspirator

25 Steffey, transferred and cause others to transfer the Visa credit card account number ending in X-1288

26 belonging to V.R. to co-conspirator Butt as partial payment for the production of counterfeit access

1  devices, that is, counterfeit credit cards embossed with the name Andrew M. Robins and encoded with

2  counterfeit Visa credit account numbers.

3                      d.      At the time defendant **CARDER** transferred and caused others to

4  transfer the Visa credit card account number ending in X-1288, **CARDER** knew the victim Visa account

5  number ending in X-1288 belonged to V.R., a real person.

6      2.     The defendant admits that the property listed in paragraph X is (a) any property, real

7  or personal, which constitutes or is derived from proceeds traceable to his criminal violations, or is

8  (b) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result

9  of his criminal violations, or is (c) all illicit authentication features, identification documents,

10  document-making implements, or means of identification used to commit his criminal violations, or

11  is (d) any personal property used or intended to be used to commit his criminal violations.  The

12  property and the criminal forfeiture money judgment of $50,893,166.35 are facilitating property and

13  proceeds of the crime.

14      3.     The defendant further specifically admits that, directly or indirectly as a result of his

15  criminal violations, he owes the joint-and-several restitution amount of at least $50,893,166.35.

16  **V.**            **COLLATERAL USE OF FACTUAL ADMISSIONS**

17          The facts set forth in Section IV of this Plea Agreement shall be admissible against

18  the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose.  If the defendant does

19  not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement

20  shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence,

21  argument or representation offered by or on the defendant's behalf.  The defendant expressly waives

22  all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in

23  Section IV of this Plea Agreement.

24  **VI.**          **APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

25          Pursuant to USSG § 2B1.6, the guideline sentence for a single violation of 18 U.S.C.

26  § 1028A is the term of imprisonment required by statute.  Chapters Three (Adjustments, including

Acceptance of Responsibility) and Four (Criminal History) do not apply. The term of imprisonment required by 18 U.S.C. § 1028A is a twenty four (24) month term of imprisonment.

The defendant acknowledges that the statutory sentence limits the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

**VII.      APPLICATION OF SENTENCING STATUTES**

A.      Penalty.

Count Two. The statutorily required penalty for Aggravated Identity Theft under 18 U.S.C. § 1028A, is a twenty four (24) month term of imprisonment, which must be served consecutive to, that is in addition to, any other term of imprisonment imposed in this or any other case. The Court may also impose a fine of not more than two hundred fifty thousand dollars ($250,000).

B.      Factors Under 18 U.S.C. § 3553. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutorily required sentence limits the Court's discretion in determining the defendant's sentence.

C.      Parole Abolished.  The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.      Supervised Release.  In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed one (1) year as to Count Two. Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements.  If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence.

E.      Special Assessment.  The defendant will pay a one hundred dollar ($100.00) special assessment per count of conviction at the time of sentencing.

1         **F.**   <u>Additional Costs.</u>   The defendant is required to pay for the costs of

2   imprisonment, probation, and supervised release, including the costs for electronic monitoring of

3   home detention, unless the defendant establishes that the defendant does not have the ability to pay

4   such costs, in which case the Court may impose an alternative sanction such as community service.

5   **VIII.**      **POSITIONS REGARDING SENTENCE**

6         The United States and the defendant will jointly recommend that the Court

7   sentence the defendant to the statutorily required twenty-four (24) month term of imprisonment. The

8   defendant acknowledges that the Court does not have to follow that recommendation. The defendant

9   also acknowledges that the Court does not have to grant a downward departure based on the

10   defendant's substantial assistance to the United States, even if the United States chooses to file a

11   motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35.  This Plea

12   Agreement does not require the United States to file any pre- or post-sentence downward departure

13   motion under USSG § 5K1.1 or Fed. R. Crim. P. 35.  Notwithstanding its agreement to recommend a

14   sentence of twenty-four (24) months, the United States reserves its right to defend any lawfully

15   imposed sentence on appeal or in any post-conviction litigation.

16         The defendant will not request a sentence below twenty-four (24) months, and will

17   not seek a downward departure, adjustment, or variance pursuant to 18 U.S.C. § 3553 or USSG

18   § 4A1.3(b)(1) from any sentence the Court may impose.

19   **IX.**      **RESTITUTION**

20         In exchange for benefits received under this Plea Agreement, the defendant agrees to

21   make full restitution, jointly and severally, in the amount to be determined by the Court, to include

22   all of the losses the defendant caused by his criminal scheme, whether charged or uncharged, pled to

23   or not, and by all of his relevant conduct as determined by the Court, including but not limited to, the

24   loss arising from the Carder.su Organization's racketeering activities.  18 U.S.C. § 3663(a)(3).  Both

25   the United States and the defendant agree that the amount shall not be less than $50,893,166.35, as

26   to Count Two, which shall be paid jointly and severally with the codefendants in this case, as well as

8

those defendants in case numbers 2:12-CR-004; 2:12-CR-084 and 2:13-CR-120 to the following

victims:

American Express                                    $3,299,210.90
World Financial Center
200 Vesey Street
New York, NY 10285


Discover Financial Service                          $2,202,429.00
c/o Mr. Michael Cassell
P.O. Box 370685
Las Vegas, NV 89137


MasterCard                                          $15,496,221.00
2000 Purchase Street
Purchase, NY 10577


Visa Inc.                                           $29,895,305.45
900 Metro Center Blvd.
Foster City, CA 94404

The defendant cannot discharge his restitution obligation through bankruptcy

proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or

reduce the amount of any forfeiture judgment imposed in this case.

X.        **FORFEITURE**

The defendant knowingly and voluntarily:

A.        Agrees to the abandonment, the civil administrative forfeiture, the civil

judicial forfeiture, or the criminal forfeiture of the following assets:

1)   a Gateway laptop computer, bearing serial number T3B73P1006170, seized

from Raji Aziz on March 14, 2011;

2)   an Apple iPad 16 GB silver, model A1396, bearing serial number

DLXFW1DLDFJ1, seized from Irina Bolnova on March 15, 2012;

. . .

9

3)   an Acer Aspire One 522 laptop computer, bearing serial number
     LUSES0D0101014763B16-01, seized from Maceo Boozer on March 15,
     2012;

4)   a Coby laptop, bearing serial number N1023X1005S000497B, seized from
     Maceo Boozer on July 9, 2012;

5)   an HP laptop, bearing serial number CNF0208QNY, seized from Maceo
     Boozer on July 9, 2012;

6)   a Seagate USB drive, bearing serial number NA02E6VK, seized from
     Maceo Boozer on July 9, 2012;

7)   a Dell laptop computer, bearing serial number G4CJLL1, seized from
     Duvaughn Butler on March 1, 2011;

8)   an HP desktop computer, Datacode SM number R08510000460630, seized
     from Duvaughn Butler on March 1, 2011;

9)   a Mastercard $100 gift card, bearing card number xxxxxxxxxxxx1923,
     seized from Duvaughn Butler on March 1, 2011;

10)  a Vanilla $100 Mastercard gift card, bearing card number
     xxxxxxxxxxxx7257, seized from Duvaughn Butler on March 1, 2011;

11)  an iPhone 3, black, bearing FCC ID number BCGA1303B, seized from
     Duvaughn Butler on March 1, 2011;

12)  a Time Capsule 802.11N WiFi hard drive, bearing serial number
     C86H6722DM73, seized from Omar Butt on March 15, 2012;

13)  a SanDisk memory card, 8 GB, seized from Omar Butt on March 15, 2012;

14)  a SanDisk memory card, 16 GB, seized from Omar Butt on March 15, 2012;

15)  a SanDisk memory card, 32 GB, seized from Omar Butt on March 15, 2012;

16)  a Canon Power Shot camera, red, model 50780, seized from Omar Butt on
     March 15, 2012;

17) an Apple iPhone 4, bearing serial number 579CE2380A, seized from Omar Butt on March 15, 2012;

18) an AT&T cell phone, black, bearing serial number Q4V7NB1180518074, seized from Omar Butt on March 15, 2012;

19) an AT&T cell phone, black, bearing serial number Q4V7NB1180520439, seized from Omar Butt on March 15, 2012;

20) a Motorola cell phone, black, bearing serial number H31LJGTFJT, seized from Omar Butt on March 15, 2012;

21) an iPhone 3, 16 GB, black, model A1241, bearing FCC ID number BCGA1241, seized from Omar Butt on March 15, 2012;

22) a MacBook Pro, bearing serial number CO2GJ0DW47, seized from Omar Butt on March 15, 2012;

23) an iPhone, 8 GB, bearing serial number 8174ETWH8, seized from Omar Butt on March 15, 2012;

24) an iPhone 4, black, model A1387, bearing FCC ID number BCGE2430A, seized from Omar Butt on March 15, 2012;

25) an Apple Airport hard disk, bearing serial number 6F9394ER2UP, seized from Omar Butt on March 15, 2012;

26) a Canon Pixma printer MP 600 with cable cords, seized from Omar Butt on March 15, 2012;

27) a Datacard 1501 printer, bearing serial number 7464, seized from Omar Butt on March 15, 2012;

28) a Power Printer ID Card 088025 Fargo Hi-Def printer, bearing serial number A3490223, seized from Omar Butt on March 15, 2012;

29) a WD hard drive, bearing serial number WCAPD1154606, seized from Omar Butt on March 15, 2012;

30) an AcomData HD drive, bearing serial number E43125, seized from Omar Butt on March 15, 2012;

31) a DNY SD card, 4 GB, seized from Omar Butt on March 15, 2012;

32) a DNY SD card, 8 GB, seized from Omar Butt on March 15, 2012;

33) a Hitachi external hard drive, bearing serial number PAG52P3A, seized from Omar Butt on March 15, 2012;

34) an Apple TV, bearing serial number YM7240QRYR4, seized from Omar Butt on March 15, 2012;

35) a Dell laptop Latitude V300, bearing serial number CN03Y6453652138B0312, seized from Omar Butt on March 15, 2012;

36) a Sigma DP2 camera, bearing serial number 1011595, seized from Omar Butt on March 15, 2012;

37) an Acer laptop, bearing serial number LXE820X0258200F2792000, seized from Omar Butt on March 15, 2012;

38) a PlayStation 3 D 53, bearing serial number CG158070191CECH2001A, seized from Omar Butt on March 15, 2012;

39) an Xbox 360 2001 A, bearing serial number 152319705205, seized from Omar Butt on March 15, 2012;

40) a PC tower, white, bearing serial number 0016318606, seized from Omar Butt on March 15, 2012;

41) a PC tower, white, HP CD-Writer 9100 series (CD-ROM drive), seized from Omar Butt on March 15, 2012;

42) a PC tower, white, bearing datacard number PH411423, seized from Omar Butt on March 15, 2012;

43) a PC tower, white, bearing serial number DP000821120164028AJK324, (CD-ROM drive), seized from Omar Butt on March 15, 2012;

44) a PC tower, white, bearing serial number 810F48069A30, (modem), seized from Omar Butt on March 15, 2012;

45) a Canon DSLR 126251 SW11017, bearing serial number 2771201017, seized from Omar Butt on March 15, 2012;

46) a Nuvarel wireless antenna, Virgin Mobile, black, ESN 09108460367, seized from Omar Butt on March 15, 2012;

47) an ATM machine Nextran Com Net 3000, bearing identification number 4518420355271402, seized from Omar Butt on March 15, 2012;

48) a hand truck, Milwaukee, black, model number 60138, seized from Omar Butt on March 15, 2012;

49) an Epson printer Stylus NX415, seized from David Camez on May 27, 2010;

50) an HP Photosmart printer C4740, seized from David Camez on May 27, 2010;

51) a PVC card embosser ECard, seized from David Camez on May 27, 2010;

52) a PVC card embosser Wonder, seized from David Camez on May 27, 2010;

53) a hot stamping/tipper machine, seized from David Camez on May 27, 2010;

54) a Dell XPS 420 with monitor, bearing serial number 2V4Z9G1, seized from David Camez on May 27, 2010;

55) a Playstation 3, bearing serial number CF347430751-CECHP01, seized from David Camez on May 27, 2010;

56) a Gateway laptop 450SX4, bearing serial number 0026868574, seized from David Camez on May 27, 2010;

57) a Sony Vaio with power cord, bearing serial number C602H3NQ, seized from David Camez on May 27, 2010;

58) a credit card skimming device, seized from David Camez on May 27, 2010;

59) a magnetic strip card reader and writer, seized from David Camez on May 27, 2010;

60) a soldering iron, seized from David Camez on May 27, 2010;

61) a lock pick kit, seized from David Camez on May 27, 2010;

62) eleven (11) Motorola TracFones, bearing serial numbers H62LJW5D7T, H62LJW459P, H62LJW67NZ, H62LJW5D2H, H62LJW4536, H62LJW5D4F, H62LJW459L, H62LJW39BN, H62LJW5D2Q, H62LLY3735, and H62LJJDN3L, seized from Heather Dale on March 20, 2012;

63) ten (10) Verizon Samsung cell phones, bearing serial numbers A000001756COAF, A000001756FE63, A000001756E6C5, A000001756C28A, A000001756E6B8, A0000017569E83, A0000017581301, A0000017581F1B, A0000017525F292, and A00000175252314, seized from Heather Dale on March 20, 2012;

64) three (3) LG TracFones, bearing serial numbers 903CQNL204871, 903CQTB243385, and 904CQLH354776, seized from Heather Dale on March 20, 2012;

65) an SD card, 2 GB, bearing serial number 518532, seized from Shiyang Gou on March 15, 2012;

66) an IBM IGB flash drive, seized from Shiyang Gou on March 15, 2012;

67) a Cruzer mini 256 MB flash drive, seized from Shiyang Gou on March 15, 2012;

68) a memory stick adapter with memory card, seized from Shiyang Gou on March 15, 2012;

69) five (5) ScanDisk memory cards, seized from Shiyang Gou on March 15, 2012;

70) two (2) Sony Memory Stick Pro Duo, seized from Shiyang Gou on March 15, 2012;

71) a Samsung phone, bearing serial number R3YXA56711T, seized from Shiyang Gou on March 15, 2012;

72) an LG phone, bearing serial number 811KPT M022569, seized from Shiyang Gou on March 15, 2012;

73) a Nokia cell phone, bearing serial number 661ABRM520, seized from Shiyang Gou on March 15, 2012;

74) a Nokia cell phone, bearing serial number 661URM604, seized from Shiyang Gou on March 15, 2012;

75) a Nokia cell phone, bearing serial number 661ABRM121, seized from Shiyang Gou on March 15, 2012;

76) an HP computer, bearing serial number MXM453067P, seized from Shiyang Gou on March 15, 2012;

77) an iPod 32 GB, bearing serial number C3VDKMBPDCP9, seized from Shiyang Gou on March 15, 2012;

78) an HP PSC1315 All in One Printer, bearing serial number CN48KB201J, seized from Shiyang Gou on March 15, 2012;

79) an SD card 8 GB, bearing serial number 35254221, seized from Shiyang Gou on March 15, 2012;

80) an 8 GB SD card, bearing serial number 3140624068, seized from Shiyang Gou on March 15, 2012;

81) a gold flash drive, seized from Shiyang Gou on March 15, 2012;

82) a WiFly City wireless USB adapter, bearing serial number 8DEC04JJ2482873, seized from Shiyang Gou on March 15, 2012;

. . .

15

83) an iPod 32 GB, bearing serial number C3RDLFMS5DCPN, seized from Shiyang Gou on March 15, 2012;

84) a Wii, bearing serial number LU83300527, seized from Shiyang Gou on March 15, 2012;

85) a Zotac Model Mag HDND01, bearing serial number G111911302229, with Logitech USB drive, seized from Shiyang Gou on March 15, 2012;

86) two (2) iPod 8 GB, bearing serial numbers IB0064Y075J and DKPDAOFFDCP7, seized from Shiyang Gou on March 15, 2012;

87) a Samsung cell phone, model SCHU350, bearing serial number 0001D60CC32, seized from Shiyang Gou on March 15, 2012;

88) a Dell Inspiron laptop, bearing serial number 9JH8QP1, seized from Shiyang Gou on March 15, 2012;

89) a Sony Vaio, model PC671312L, seized from Shiyang Gou on March 15, 2012;

90) a Clear 4G Mobile Hotspot, bearing serial number 1FM00114730, seized from Shiyang Gou on March 15, 2012;

91) a Totu cell phone T158, bearing serial number 357458040092990, seized from Shiyang Gou on March 15, 2012;

92) three (3) flash drives, seized from Shiyang Gou on March 15, 2012;

93) a Sony memory stick 4 GB, F925L2L, seized from Shiyang Gou on March 15, 2012;

94) a SanDisk extreme 4 GB, seized from Shiyang Gou on March 15, 2012;

95) two (2) T-Mobile SIM cards, seized from Shiyang Gou on March 15, 2012;

96) an HP Office Jet 6500A printer, bearing serial number CN11C1241Y, seized from Shiyang Gou on March 15, 2012;

97) an HP monitor, CNCO1SPW, seized from Shiyang Gou on March 15, 2012;

98) a Sony PSP, bearing serial number AG100870541, seized from Shiyang Gou on March 15, 2012;

99) a T-Mobile Samsung S3600 cell phone, bearing serial number S36006SMH, seized from Shiyang Gou on March 15, 2012;

100) a Scientific Atlantic 2203C modem, bearing serial number 218063549, seized from Shiyang Gou on March 15, 2012;

101) a Netgear wireless router, model WNR2000, bearing serial number IXL38C5T02FB4, seized from Shiyang Gou on March 15, 2012;

102) an SD card 4 GB, seized from Shiyang Gou on March 15, 2012;

103) a 56K PCI modem, bearing serial number 200V23Y0087077, seized from Shiyang Gou on March 15, 2012;

104) a Britannica SD card, MVO32RMMC, seized from Shiyang Gou on March 15, 2012;

105) a PD Talk GPS with SD card, PD9083000304, seized from Shiyang Gou on March 15, 2012;

106) an HP desktop computer, bearing serial number P6813W, seized from Shiyang Gou on March 15, 2012;

107) an American Express gift card, number xxxxxxxxxxxx0288, seized from Cameron Harrison on November 24, 2010;

108) a Walmart reloadable card, number xxxxxxxxxxxx8377, seized from Cameron Harrison on November 24, 2010;

109) an LG cell phone with power cord, model LG220CM, bearing serial number 004CYVU1179431, seized from Cameron Harrison on November 24, 2010;

110) a Garmin NUVI 205W with power cord, bearing serial number 1UR254730, seized from Cameron Harrison on November 24, 2010;

. . .

111) a Pep Boys gift card, number xxxxxxxxxxxxxxxx8899, seized from Cameron Harrison on November 22, 2010;

112) a Walmart gift card, number xxxxxxxxxxxxxxx7484, seized from Cameron Harrison on November 22, 2010;

113) an Apple iPad 64 GB, bearing serial number GB0409R7ETV, seized from Cameron Harrison on November 24, 2010;

114) an HP Pavilion laptop, model DV5-1160, bearing serial number CNF8383JN0, seized from Cameron Harrison on November 24, 2010;

115) a Rocketfish 2.5 USB hard drive, model RFHD25, bearing serial number NS92T6125T8K, seized from Cameron Harrison on November 24, 2010;

116) an HP Presario F700 laptop, bearing serial number CNF7510SVZ, seized from Robert Kephart on March 15, 2012;

117) an Aspire One Acer laptop black, bearing serial number LUS670D06193426AC31601, seized from Robert Kephart on March 15, 2012;

118) a Targus laptop bag containing a Dell Adamo laptop, bearing serial number 852FWK1, seized from Robert Kephart on March 15, 2012;

119) a Smart Disk HDD, bearing serial number 1H7Y23, seized from Robert Kephart on March 15, 2012;

120) a Virgin thumb drive, seized from Robert Kephart on March 15, 2012;

121) an Attache thumb drive, black/red, seized from Robert Kephart on March 15, 2012;

122) an iPad, model A1396, white, bearing serial number DN6GPAB9DKNY, seized from Robert Kephart on March 15, 2012;

. . .

. . .

18

123) an Apple MacBook Air, model A1370, with black case, bearing serial number C02DW6ZPDDQX, seized from Robert Kephart on March 15, 2012;

124) an Apple iPhone, white, model A1387, seized from Robert Kephart on March 15, 2012;

125) a MacBook Air Super Drive, model A1379, bearing serial number C02FC8PWDJ5M, seized from Robert Kephart on March 15, 2012;

126) a generic computer tower, model 8E-TENL1-UGB, bearing serial number W10330010445, seized from Alexander Kostyukov on March 15, 2012;

127) an external hard drive enclosure, blue, Simpletech 250 GB, bearing serial number 0712544250100670, seized from Alexander Kostyukov on March 15, 2012;

128) two (2) T-Mobile Nokia cell phones (unopened), bearing serial numbers 866012569007679335 and 866012569005010038, seized from Alexander Kostyukov on March 15, 2012;

129) three (3) T-Mobile Nokia cell phones, model 1616-2C, seized from Alexander Kostyukov on March 15, 2012;

130) a Samsung AT&T cell phone, model SGH-A107, bearing serial number RPHB69702BZ, seized from Alexander Kostyukov on March 15, 2012;

131) an Apple iPhone 4S 16 GB white, model A1387, bearing serial number C38GTY8KDTD1, seized from Alexander Kostyukov on March 15, 2012;

132) an Apple iPhone 4S 16 GB white, model A1387, bearing serial number 84049D1MA4S, seized from Alexander Kostyukov on March 15, 2012;

133) three (3) yellow and black SIM cards, seized from Alexander Kostyukov on March 15, 2012;

. . .

134) a T-Mobile SIM card, seized from Alexander Kostyukov on March 15, 2012;

135) an AT&T SIM card, seized from Alexander Kostyukov on March 15, 2012;

136) a Kingston 4 GB white and purple thumb drive, seized from Alexander Kostyukov on March 15, 2012;

137) a thumb drive, green, bearing serial number 28981F, seized from Alexander Kostyukov on March 15, 2012;

138) a PQ1 4 GB blue SD memory card, bearing serial number MMAGF04GWDCA-DB, seized from Alexander Kostyukov on March 15, 2012;

139) a Nikon D7000 digital camera with 32 GB SanDisk memory card inside, seized from Alexander Kostyukov on March 15, 2012;

140) a Nikon CoolPix digital camera, black, model S52, bearing serial number 30505916, seized from Alexander Kostyukov on March 15, 2012;

141) a Sony Cyber Shot 8.1 MP digital camera, black, model DSC-T100, bearing serial number 1572082, seized from Alexander Kostyukov on March 15, 2012;

142) a Nikon camera lens, (70-300MM), bearing serial number US2762077, seized from Alexander Kostyukov on March 15, 2012;

143) a Nikon camera lens, (50MM), bearing serial number US628937, seized from Alexander Kostyukov on March 15, 2012;

144) a Tokina Aspherical camera lens, bearing serial number 82C7660, seized from Alexander Kostyukov on March 15, 2012;

145) two (2) Nikon lens covers, seized from Alexander Kostyukov on March 15, 2012;

. . .

146) a Nikon camera flash attachment, speedlight SB900, bearing serial number 2461186, seized from Alexander Kostyukov on March 15, 2012;

147) a Western Union $500.00 money order with blank payee field, number xx-xxxxx0260, seized from Alexander Kostyukov on March 15, 2012;

148) an Apple MacBook Pro, silver, model A1278, bearing serial number W8033T2BATM, seized from Alexander Kostyukov on March 15, 2012;

149) a SanDisk thumb drive, seized from Thomas Lamb on May 2, 2011;

150) a South Point Casino cashout voucher $130, seized from Thomas Lamb on May 2, 2011;

151) a Kindle Fire HD, new in box, no visible serial number, seized from Michael Lofton on January 7, 2013;

152) an Apple iPad with docking station and case, new in box, no visible serial number, seized from Michael Lofton on January 31, 2013;

153) a Sony USB drive, seized from Michael Lofton on February 1, 2013;

154) an Epson Stylus printer, model R280, bearing serial number K77K133745, seized from Edward Montecalvo on March 15, 2012;

155) an HTC smart phone, model PD42100, bearing serial number HT18RM803892, seized from Edward Montecalvo on March 15, 2012;

156) a Canon Point and Shoot camera, model PC1355, bearing serial number 9029238287, seized from Edward Montecalvo on March 15, 2012;

157) a Dell Inspiron desktop, bearing serial number CN-0392R8-74767-116-6RE3, seized from Edward Montecalvo on March 15, 2012;

158) a Dell thumb drive, bearing serial number 820-Q01437, seized from Edward Montecalvo on March 15, 2012;

159) a Toshiba external hard drive with USB cable, bearing serial number Y150T6QLTMC3, seized from Edward Montecalvo on March 15, 2012;

160) an Apple MacBook Pro, model A1278, bearing serial number C1MH18UPDV13, seized from Edward Montecalvo on March 15, 2012;

161) an Apple laptop, bearing serial number 970AAS306856, seized from Elias Samaha on June 11, 2012;

162) a Sony Vaio laptop, bearing serial number 275047363033747, seized from Elias Samaha on June 11, 2012;

163) an iPhone, BB 8350, bearing serial number 403215EBBB, seized from Elias Samaha on June 11, 2012;

164) a Motorola BK70 phone, bearing serial number 364VKMR6Q9, seized from Elias Samaha on June 11, 2012;

165) an Apple iPod 64 GB, model A1318, bearing serial number 9C937ETU6K4, seized from Elias Samaha on June 11, 2012;

166) a PNY 4 GB with two (2) keys thumb drive, seized from Elias Samaha on June 11, 2012;

167) a SanDisk Cruzer 32 GB thumb drive, seized from Elias Samaha on June 11, 2012;

168) an Apple MacBook, model A1181, bearing serial number 4H6502XZWGL, seized from Michael San Clemente on June 2, 2010;

169) a Sony Vaio laptop, model PCG-31L, bearing serial number 064253C, seized from Michael San Clemente on June 2, 2010;

170) a Kingston 8 GB data traveler, black, seized from Michael San Clemente on June 2, 2010;

171) an Apple MacBook Pro, model A1260, bearing serial number W880957VYJY, seized from Michael San Clemente on June 2, 2010;

172) an Apple MacBook Pro, model A1211, bearing serial number W871645TWDH, seized from Michael San Clemente on June 2, 2010;

22

173) an HP Pavilion laptop computer, bearing serial number CND9074VOP, seized from Michael San Clemente on June 2, 2010;

174) an Apple MacBook Pro PN, bearing part number 0A58927, seized from Michael San Clemente on June 2, 2010;

175) a 320 GB PN, bearing part number 9ZAZAG-500 with cord in bag, 154594A, seized from Michael San Clemente on June 2, 2010;

176) a pocket drive, model GFR202SD, bearing serial number 605USS, seized from Michael San Clemente on June 2, 2010;

177) an HP Pavilion TX2500, bearing serial number CNF826324F, seized from Michael San Clemente on June 2, 2010;

178) a Kodak Easy Share printer, dock series 3, bearing serial number KCLEG620J0824, seized from Michael San Clemente on June 2, 2010;

179) a Sony DVD player, black, model DVP-FX820, bearing serial number 08C 501-5205314-6, seized from Michael San Clemente on June 2, 2010;

180) a T-Mobile CardBus and Express Card adapter, model CBZEC, bearing serial number BD3G710242, seized from Michael San Clemente on June 2, 2010;

181) an IEEE 1394 express card, bearing serial number 11814008945, seized from Michael San Clemente on June 2, 2010;

182) a SanDisk Cruzer 4 GB thumb drive, black, model SDC264096RB, seized from Michael San Clemente on June 2, 2010;

183) an HP wireless mouse adapter, silver, product GT909AA, seized from Michael San Clemente on June 2, 2010;

184) a SanDisk "Wake up the Phone" adapter, model 2008-09-16S, seized from Michael San Clemente on June 2, 2010;

. . .

185) a Novotel wireless slingshot, bearing serial number 5B866BF6, seized from Michael San Clemente on June 2, 2010;

186) an iPod 8 GB with red/black cover, bearing serial number 9C841ZSQ201, seized from Michael San Clemente on June 2, 2010;

187) a Motorola Verizon phone, blue, bearing FCC ID number IHDT56JB1, seized from Michael San Clemente on June 2, 2010;

188) a Kyocera Virgin Mobile phone, black, bearing ME ID number A0000004482B79, seized from Michael San Clemente on June 2, 2010;

189) a Motorola phone, bearing FCC ID number 1HDT56HC1, seized from Michael San Clemente on June 2, 2010;

190) a Virgin Mobile LG phone with pouch, bearing serial number 901CYXM0778698, seized from Michael San Clemente on June 2, 2010;

191) a Motorola Metro phone, model W315, bearing FCC ID number 1HDT56GE1, seized from Michael San Clemente on June 2, 2010;

192) a Motorola phone, black, bearing serial number M300 238208, seized from Michael San Clemente on June 2, 2010;

193) a Motorola phone, blue, bearing serial number M60038Z2495, seized from Michael San Clemente on June 2, 2010;

194) a Sprint HTC Pro with black hard cover, seized from Michael San Clemente on June 2, 2010;

195) a hard drive, bearing serial number 5QD2ZXWG, seized from Michael San Clemente on June 2, 2010;

196) two (2) SanDisk Cruzer 4 GB Titanium Plus, seized from Michael San Clemente on June 2, 2010;

197) a Targus high speed card reader/writer, black, bearing identification number 1729, seized from Michael San Clemente on June 2, 2010;

198) two (2) Sony Memo stick duo adapters, MSAC M2, seized from Michael San Clemente on June 2, 2010;

199) a Patriot memory card, bearing serial number PSD32G106625, seized from Michael San Clemente on June 2, 2010;

200) a Samsung memory card, bearing serial number M470T6554CZ3, seized from Michael San Clemente on June 2, 2010;

201) an Elpide memory card, bearing serial number EBJ21UE8BAU0, seized from Michael San Clemente on June 2, 2010;

202) a memory card, bearing serial number HY564T 1Z80Z 1 HDL, seized from Michael San Clemente on June 2, 2010;

203) a PNY memory card bearing serial number 511-071205051, seized from Michael San Clemente on June 2, 2010;

204) a SanDisk 1 GB chip, seized from Michael San Clemente on June 2, 2010;

205) a Garmin Nuvi and adapter, 10R-023994, seized from Michael San Clemente on June 2, 2010;

206) a Rocketfish external hard drive, bearing serial number E391854HH, seized from Michael San Clemente on June 2, 2010;

207) a Toshiba disk drive, bearing serial number 58QUFB2ES, seized from Michael San Clemente on June 2, 2010;

208) a Sony Super Steady Shot DSCT70, seized from Michael San Clemente on June 2, 2010;

209) a SanDisk 128 MB SD card, seized from Michael San Clemente on June 2, 2010;

210) a Sony memory stick Pro Duo 2 GB, seized from Michael San Clemente on June 2, 2010;

. . .

25

211) a Fuji Film Quick Snap camera, disposable, seized from Michael San Clemente on June 2, 2010;

212) a Kodak memory card, seized from Michael San Clemente on June 2, 2010;

213) a Kodak HD camera, M-1003, red, seized from Michael San Clemente on June 2, 2010;

214) a Kodak Easy Share V610 camera, bearing serial number KCKFV62501809, seized from Michael San Clemente on June 2, 2010;

215) a Nikon Cool Pix S60 camera, with SanDisk 4 GB SDHC card, bearing serial number 38244004, seized from Michael San Clemente on June 2, 2010;

216) a JVC hard disk camcorder Everio, bearing serial number GZ-MG130U, seized from Michael San Clemente on June 2, 2010;

217) a Dell XPS laptop computer with power cord, bearing service tag number 6MQ12C1, seized from Michael San Clemente on June 2, 2010;

218) an Apple Power Mac G5 desktop tower, model A1L77, seized from Michael San Clemente on June 2, 2010;

219) a Pro-Lam Plus 330 laminator, bearing serial number 2080, seized from Michael San Clemente on June 2, 2010;

220) an HP Photosmart C 6880 wireless printer with power cord, bearing FCC ID number B94RSVLD0608, seized from Michael San Clemente on June 2, 2010;

221) an Apple keyboard, KY63201A6VZSA, seized from Michael San Clemente on June 2, 2010;

222) an Apple computer mouse, ZH503DJEMNUVA, seized from Michael San Clemente on June 2, 2010;

. . .

223) a Zebra P330I card printer, bearing serial number P33027189, seized from Michael San Clemente on June 2, 2010;

224) an enhanced CCD scanner, bearing serial number 428DOFB00018, seized from Michael San Clemente on June 2, 2010;

225) an HP Office Jet H470 Vivera printer, bearing serial number CN81L181CW, seized from Michael San Clemente on June 2, 2010;

226) a Kwikpoint model 55 foil stamping machine, bearing serial number 5A-5311, seized from Jermaine Smith on March 15, 2012;

227) a Samsung Metro PCS cell phone, black, bearing serial number 268435460707424949, seized from Jermaine Smith on March 15, 2012;

228) a Dell Inspiron N4110 laptop computer, bearing serial number 00196-177-074-980, seized from Jermaine Smith on March 15, 2012;

229) a Samsung Metro PCS cell phone, black, bearing serial number 268435460709180401, seized from Jermaine Smith on March 15, 2012;

230) a Toho manual tipper, model CM-30, bearing serial number A992221, seized from Jermaine Smith on March 15, 2012;

231) a Fargo HDP 5000 high definition ID card printer, model 089000, bearing serial number A9061333, seized from Jermaine Smith on March 15, 2012;

232) a Fargo HDP 5000 high definition ID card printer, model 089000, bearing serial number A9500654, seized from Jermaine Smith on March 15, 2012;

233) a Zebra ID card printer, model P330I, bearing serial number P330036588, seized from Jermaine Smith on March 15, 2012;

234) two (2) Apple iPads, new in box, bearing serial numbers DLXG7NVXDKNY and DN6GKB19DFHW, seized from Jermaine Smith on March 15, 2012;

. . .

235) a Samsung Metro PCS cell phone, bearing serial number 268435458906307984, seized from Jermaine Smith on March 15, 2012;

236) a Kyocera PCS cell phone, bearing serial number A0000012F289B6, seized from Jermaine Smith on March 15, 2012;

237) a T-Mobile blackberry cell phone, PIN 21FCDD3A, seized from Jermaine Smith on March 15, 2012;

238) an Apple laptop with case, bearing serial number W80231Q46D6, seized from Billy Steffey on December 20, 2010;

239) an iPad 64 GB with cover, bearing serial number V5029062E5V, seized from Billy Steffey on December 20, 2010;

240) an iPad 64 GB, (new in box), bearing serial number 6B039FHQETV, seized from Billy Steffey on December 20, 2010;

241) and Iron Key thumb drive, seized from Billy Steffey on December 20, 2010;

242) a T-Mobile USB WiFi device, silver, bearing IMEI number 352071040691797, seized from Billy Steffey on December 20, 2010;

243) a Sprint 3G WiFi device, bearing ESN 6097D1CF, seized from Billy Steffey on December 20, 2010;

244) a Garmin GPS device, bearing serial number 37901W6022267, seized from Billy Steffey on December 20, 2010;

245) an iPhone 4, black, bearing CC ID number BCGE2380A, seized from Billy Steffey on December 20, 2010;

246) a Google HTC cell phone, bearing serial number HT9CNP810133, seized from Billy Steffey on December 20, 2010;

247) an iPod with case, silver with red case, bearing serial number 1A949JGM6K2, seized from Billy Steffey on December 20, 2010;

. . .

28

248) an Apple All in One computer, silver, bearing serial number W89525865PJ, seized from Billy Steffey on March 15, 2012;

249) a Datacard I150 printer, bearing serial number 9037, seized from Billy Steffey on March 15, 2012;

250) a USB Iron Key, bearing serial number 00885866, seized from Billy Steffey on March 15, 2012;

251) a USB T-Mobile, silver, seized from Billy Steffey on March 15, 2012;

252) a USB Elgato Turbo 264 HD, seized from Billy Steffey on March 15, 2012;

253) a Tom Tom GPS, bearing serial number JB1448103895, seized from Billy Steffey on March 15, 2012;

254) a Samsung Verizon WiFi Hotspot 4G LTE, bearing SKU SCHLC11ZKV, seized from Billy Steffey on March 15, 2012;

255) a USB SanDisk Cruzer, seized from Billy Steffey on March 15, 2012;

256) a Sony Vaio laptop, bearing serial number 5413136230011OB, seized from Billy Steffey on March 15, 2012;

257) a T-Mobile HTC smartphone, black, bearing serial number SH175T505773, seized from Billy Steffey on March 15, 2012;

258) a Western Digital external hard drive, bearing serial number WX20C79714112, seized from Billy Steffey on March 15, 2012;

259) a Western Digital external hard drive, bearing serial number WCAVY1065850, seized from Billy Steffey on March 15, 2012;

260) a Lacie external hard drive, bearing serial number 14181109010201EHB, seized from Billy Steffey on March 15, 2012;

261) a USB Iron Key, bearing serial number 00804208, seized from Billy Steffey on March 15, 2012;

262) a USB SanDisk, seized from Billy Steffey on March 15, 2012;

263) a Sprint WiFi Hotspot, Novatel, silver, bearing serial number 09111989175, seized from Billy Steffey on March 15, 2012;

264) a Clear WiFi Hotspot, black, model number WIXFMM-122, bearing serial number 2044100085687, seized from Billy Steffey on March 15, 2012;

265) an AT&T Microcell, bearing serial number 0022CE-0000166132, seized from Billy Steffey on March 15, 2012;

266) a MacBook Pro laptop in black case, bearing serial number C02GN0M6DW47, seized from Billy Steffey on March 15, 2012;

267) a Mac external hard drive, bearing serial number 6F9031E32UP, seized from Billy Steffey on March 15, 2012; and

268) an *in personam* criminal forfeiture money judgment of $50,893,166.35 in United States Currency

(all of which constitutes "property").

   B.     Abandons or forfeits the property to the United States;

   C.     Relinquishes all right, title, and interest in the property;

   D.     Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property ("proceedings");

   E.     Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

   F.     Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

   G.     Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

. . .

. . .

H. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any proceedings concerning the property;

I. Waives his right to a jury trial on the forfeiture of the property;

J. Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to: (1) constitutional or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

K. Agrees to the entry of an Order of Forfeiture of the property to the United States;

L. Agrees that forfeiture is immediately due and payable and subject to immediate collection by the United States;

M. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture; and

N. The defendant acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than, the amount of restitution.

**XI.       FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

**XII.**     **THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

      A.     <u>Plea Agreement and Decision to Plead Guilty</u>.  The defendant acknowledges that:

          (1)     He has read this Plea Agreement and understands its terms and conditions;

          (2)     He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

          (3)     He has discussed the terms of this Plea Agreement with his attorney;

          (4)     The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

          (5)     He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

      The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial.  The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

      B.     <u>Waiver of Appeal and Post-Conviction Proceedings.</u>   The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

      The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by

1   which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective

2   assistance of counsel.

3              The defendant reserves only the right to appeal any portion of the sentence that is an

4   upward departure from the sentencing guideline range determined by the Court.

5              The defendant acknowledges that the United States is not obligated or required to

6   preserve any evidence obtained in the investigation of this case.

7              C.      Removal/Deportation Consequences.      The defendant understands and

8   acknowledges that if he is not a United States citizen, then it is highly probable that he will be

9   permanently removed (deported) from the United States as a consequence of pleading guilty under

10  the terms of this Plea Agreement.  The defendant has also been advised if his conviction is for an

11  offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States

12  and will not be allowed to return to the United States at any time in the future.  The defendant

13  desires to plead guilty regardless of any immigration consequences that may result from his guilty

14  plea, even if the consequence is automatic removal from the United States with no possibility of

15  returning. The defendant acknowledges that he has specifically discussed these removal/deportation

16  consequences with his attorney.

17  . . .

18  . . .

19  . . .

20

21

22

23

24

25

26

## XIII.  ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE_4-10-14_

KIMBERLY FRAYN
ANDREW DUNCAN
Assistant United States Attorneys
JONATHAN A. OPHARDT,
Trial Attorney
Department of Justice
Organized Crime and Gang Section

DATE_4-10-14_

DEREK CARDER,
Defendant

DATE_4-10-14_

JAMES HARTSELL, ESQ.,
Counsel for the Defendant CARDER

34