MARK J. REICHEL, State Bar #155034
REICHEL & PLESSER L.L.P.
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California  95814
Telephone: (916) 498-9258
FAX:       (888) 567-2949
mark@reichellaw.com
www.reichelplesser.com

Attorney for Defendant
BILLY STEFFEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-083 APG GWF |
| Plaintiff, | **SENTENCING MEMORANDUM IN 11(c)(1)(C) CASE WITH FORMAL OBJECTIONS** |
| v. | Date: August 7, 2014<br>Time: 10:00 a.m. |
| BILLY STEFFEY | Judge: Andrew P. Gordon |
| Defendant. | |

_____

**SENTENCING MEMORANDUM**

Before the court is William "Billy" Steffey, a young man now in poor health and with a bleak future who started out his life with the optimism and bright plans of any small child; through no fault of his own at that young age his world view was drastically changed by the worst trauma that no person, young or old, should ever have to endure.

Despite that life altering course of abuse as a boy, Billy went on to be an extremely loved father, husband, brother, son and friend. The letters attached hereto bear

SENTENCING MEMORANDUM

excellent witness to his righteous accomplishments with his character in that regard.

It is with these family accomplishments in mind that this court is requested to view Billy when this court impacts Billy's future so powerfully.

## FORMAL OBJECTIONS

1. <u>Base offense level</u>: As the parties have agreed, there is only a 12 level enhancement, and not 24, as the total amount of loss is more than $200,000, but less than $400,000/U.S.S.G § 2B1.1(b)(1)(H): (approximately $272,281.24) as referenced in the plea agreement.[1]

2. <u>Role in the offense</u>. There should be no enhancement for role in the offense as there is no competent evidence that Billy was an organizer, leader of a criminal activity as described in the paragraph.[2]

---

[1]The "party" seeking to enhance a sentence above a base offense level bears the burden of persuasion, with real evidence. *United States v. Snipe*, 515 F.3d 947 (9th Cir 2008); *United States v. Howard*, 849 F.2d 1045 (9th Cir. 1990); *United States v. Joetzki*, 952 F.2d 1090 (9th Cir. 1991). When a defendant raises objections to the PSR, the district court is obliged to resolve the factual dispute, Fed. R. Crim. P. 32(i)(3)(B), and the Government bears the burden of proof to establish the factual predicate for the court's base offense level determination. In other words, when a defendant objects to a PSR's factual findings about loss amount, the court may not simply rely on the factual statements in the PSR to find that the government has carried its burden. *Snipe* at 955. Here, the government has stipulated to the loss amount.

The Ninth Circuit's established rule, requiring facts found in support of Guidelines enhancements that turn out to have a disproportionate impact on the ultimate sentence imposed to be established by the Government by clear and convincing evidence, continues to govern sentencing decisions. *United States v. Staten*, 466 F.3d 708, 720 (9th Cir. 2006). Also see *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) (listing factors appropriate for consideration in determining whether effect is disproportionate). The loss amount in the Report is an extreme increase, and cannot be supported.

[2] See case law in footnote 1.

SENTENCING MEMORANDUM          2

**FACTORS WARRANTING DEPARTURE AND ADDITIONAL FACTORS UNDER 3553 JUSTIFYING A REDUCED SENTENCE/VARIANCE**

Virtually anything at all, post <u>Booker</u>, is a valid issue for the court to consider when imposing a sentence. The Sentencing Reform Act imposes an "overarching instruction" that district courts must select a sentence "sufficient but ***not greater than necessary***" to achieve the sentencing goals in section 3553(a)(2). <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 570 (2007). Those goals include the need for the sentence to (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (B) afford adequate deterrence to criminal conduct, (c) protect the public from further crimes of the defendant, and (D) provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. <u>Gall</u>, at 597, n. 6. To arrive at a sentence that serves those goals without being greater than necessary, the Act directs the judge to consider the many factors listed in §3553(a)(1) - (7). These considerations are more than a laundry list of discrete sentencing factors. They comprise "a tapestry of factors, through which runs an overarching principle," the court's duty "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." <u>United States v. Rodriquez</u>, 527 F.3d 221, 228 (1st Cir. 2008).

Section 3553(a)(1) begins with the "broad command" to consider the nature and circumstances of the offense and the *history and characteristics of the defendant*. The statute also requires judges to consider the types of sentences available by statute, section 3553(a)(3), **including "sentences other than imprisonment," such as probation**. See <u>Gall</u>, <u>id</u>., and at 595-596 and n.4, 602 (probationary sentence reflected consideration of types of sentence available, and discussing probation as substantial restriction on freedom based on conditions of supervision). (Emphasis added).

The Supreme Court envisions that a district court will *always* consider arguments that the Guideline sentence should not apply because the guideline itself fails properly to reflect Section 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate regardless. <u>Rita</u>, at 2468. Along with this, the Court places **nothing off-limits for district courts**. All the Guidelines are advisory and a judge may determine that any within Guidelines sentence is "greater than necessary" to serve the objectives of sentencing. <u>Kimbrough</u>, at 564. District courts may not simply defer to policies of the Commission. <u>Rita</u>, at 2468.

SENTENCING MEMORANDUM                    4

1    <u>Appropriate sentence in this case</u>.

2    The court is urged to follow the plea agreement in the

3    case. Billy Steffey is under intense physical pain with his

4    back condition, of which this court is aware; he will be

5    serving a very long prison sentence of 108 months in that

6    condition. His freedom of movement, restrictions on activity,

7    that a long prison term brings will only work to make his

8    back problems worse. He is a very good family man, and his

9    children look up to him, his wife and children need him, and

10   his family and friends will miss him greatly and all that he

11   brings to their lives. Billy needs to pay for his mistakes,

12   but the court should not neglect to recollect what the world

13   handed out to Billy at his most formidable years, and not

14   discount how that accounts for the Billy of the last 15

15   years.

16   Respectfully submitted,

17

18   *Mark J. Reichel*

19   MARK J. REICHEL
     Attorney At Law

20

21

22

23

24

25

26

27

28